# CENTRAL JERSEY LEGAL SERVICES, INC.
## Union County Division

Paul V. Mullin, Esq.
  Executive Director
Janice Chapin, Esq.
  Deputy Director
Alfred Donnarumma, Esq.
  Director of Litigation & Appeals

60 Prince Street
Elizabeth, New Jersey 07208

Phone: (908) 354-4340
Fax: (908) 354-4361

Edward Brinkmann, Esq.
Khalick J. Hewitt, Esq.
Mildred S. Kwozko, Esq.
James P. Wilson, Esq.
Debbie Andrew Morgan, Esq.
Martine Cohen, Esq.
Rebecca Greene, Esq.
Stephen V. St. Hilaire, Esq.
Luis Franco, Esq.
Eilleen Ingram-Willis, Esq.
Carol Matula, Esq.
Susan McCue, Esq.
Eileen L. Linarducci, Esq.
Janet H. Molnar, Esq.

December 21, 2009

Honorable Rosemary Gambardella
U.S. Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

> Re: Victor J. Polo/Libia Polo v. Victor J. Polo
> Case No.: 09-18776
> Adversary No.: 09-1949
> Hearing Date: January 25, 2010 @ 2:00 p.m.

Dear Judge Gambardella:

Please accept the following letter brief in support of the Notice of Motion for Summary Judgment filed by the plaintiff, Libia Polo, seeking a determination that the debt listed by the debtor/defendant on his bankruptcy petition is a debt to a former spouse that was incurred by the debtor in connection with a divorce decree and, thus, not dischargeable within the meaning of 11 U.S.C. § 523 (a)(15).



## *STATEMENT OF FACTS*

The plaintiff, Libia Polo, filed a complaint for divorce against the defendant, Victor J. Polo in the Superior Court of New Jersey, Chancery Division, Family Part, Union County, under Docket No.: FM-20-1460-08G on or about April 21, 2008. A trial was held on February 11, 2009 before the Honorable Katherine R. Dupuis, J.S.C. On February 26, 2009, pursuant to a Final Judgment of Divorce, Judge Dupuis signed the order requiring the defendant, Victor J. Polo to pay $58,193.00 to the plaintiff, Libia Polo. The defendant, Victor J. Polo, did not appeal Judge Dupuis' decision.

On April 7, 2009, the debtor/defendant filed a bankruptcy petition and listed the debt owed to the plaintiff, Libia Polo, as an unsecured nonpriority claim under Schedule F. He did not designate the debt owed to his ex-wife as a "Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E." Moreover, even though the Final Judgment of Divorce was entered slightly more than one month before the Chapter 7 filing, the debtor/defendant did not list the divorce as a suit to which the debtor is or was a party within one year immediately preceding the commencement of the bankruptcy filing on the Statement of Financial Affairs.

The plaintiff, Libia Polo, filed an adversary complaint objecting to discharge of the debt owed to her as a direct result of Judge Dupuis' ruling at the conclusion of the divorce trial. She has now filed this motion for Summary Judgment since the statutory language of the Bankruptcy Code is clear: A debtor is not discharged from any debt for a domestic obligation or one owed to a spouse or former spouse that is incurred by the debtor in the course of a divorce decree. 11 *U.S.C.* § 523 (a)(5) and (15).

## *SUMMARY JUDGMENT STANDARD*

Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment is appropriate where "there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Rosen v. Bezner*, 996 F. 2d 1527, 1530 (3d Cir. 1993). The party moving for summary judgment has the burden of establishing the nonexistence of any genuine issues of material fact, though, once shown, that burden switches to the non-moving party. *Celotex*, 477 U.S. at

323. A dispute of fact exists when a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327. The goal of summary judgment is to promptly dispose of any action in which there is no genuine issue of material fact and thus avoid a trial that will cause unnecessary delay and expense. *In re Pineview Care Center, Inc.*, 142 B R. 667, 685 (Bankr. D.N.J. 1992).

In this case, no material fact is in dispute and the plaintiff is entitled to summary judgment as a matter of law. It is undisputed that a trial was held in the divorce matter and, pursuant to a Final Judgment of Divorce, the Honorable Katherine R. Dupuis ordered the debtor/defendant to pay $58,193.00 to the plaintiff. It is also undisputed that the debtor/defendant did not appeal this decision. These undisputed facts fall squarely within the section of the Bankruptcy Code that exempts such a debt from discharge; thus, plaintiff is entitled to summary judgment as a matter of law.

4

*STATEMENT OF LAW*

*THE DEBT IS NOT DISCHARGEABLE PURSUANT TO*

*11 U.S.C. §523(a)(15)*

Pursuant to 11 *U.S.C.* §523 (a) (15), "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." Thus, the plain language of the statute provides that all debts which do not qualify as domestic support obligations are also nondischargeable.

The Court in *In re Miller*, 2009 Bankr. LEXIS 150 (Bankr. S.D. Ind. 2009), decided after October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), considered whether the debts owed to an ex-spouse were dischargeable in motions for summary judgment. The debtor in *In re Miller* filed a Chapter 7 bankruptcy case on May 2, 2008 and scheduled the debts to his ex-wife as a general unsecured

5

creditor. Thereafter, the ex-wife filed an adversary complaint contending that the debts were not dischargeable. Both moved for summary judgment. In granting summary judgment on behalf of the plaintiff ex-wife, the court reasoned as follows:

> BAPCA changed §523(a)(5) in that it now merely provides for nondischargeability of a "domestic support obligation." "Domestic support obligation" in turn is defined in §101(14A) as a debt owed to a spouse, former spouse or child of the debtor that is in the nature of alimony, maintenance or support "without regard to whether such debt is expressly so designated." The BAPCPA changes to §523(a)(15) go even further. The balancing test has been eliminated and now, all that is needed for a debt to be nondischargeable under that section is that the debt must not be of the kind set forth in §523(a)(5) and must be incurred by the debtor "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State … law." The collective effect of the BAPCPA amendments to §523(a)(5)and (a)(15) in chapter 7 cases is that it has eliminated the distinctions between "support and maintenance" and "property settlement" in that all debts, arising from a divorce decree from any court of record are nondischargeable. See, *In re Golio*, 393 B.R. 56, 61 (*Bankr. E.D.N.Y. 2008*) "As a result of BAPCPA, a property settlement obligation incurred pursuant to a divorce is unqualifiedly also nondischargeable under *Section 523(a)(15)*. In individual chapter 7 [cases], the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt."

*Id.*

6

Thus, the debts owed to the plaintiff ex-wife were held not dischargeable.

"To qualify as the type of marital debt excepted from discharge under §523(a)(15), the Plaintiff bears the burden of proving three elements: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in §523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record." *In re Holmes*, 2009 Bankr. LEXIS 1452 (Bankr. N.D. Ohio 2009), citing *In re Williams*, 398 B.R. 464, 468 (Bankr. N.D. Ohio 2008). The Court in *In re Holmes*, also decided pursuant to a motion for summary judgment, found that the plaintiff ex-spouse met her burden and ordered that any and all debts arising from the divorce decree terminating the parties' marriage, including any subsequent amendment made thereto, were nondischargeable debts pursuant to 11 *U.S.C.* §523(a)(15).

In the present case, the plaintiff has also clearly met her burden. The debt of $58,193.00 is to a former spouse, it is not a support obligation of the type described in §523(a)(5), and it was incurred in connection with a divorce trial on the matter and is contained in the parties' final judgment of divorce.

7

"The enactment of subsection 523(a)(15) and the increase in the scope of the discharge exception effected by the 2005 amendments, express Congress's recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments. State courts do not always draw a sharp distinction between support and property division in providing for the post-divorce economic security of dependent family members. Property settlement arrangements are often important components of the protection afforded individuals who, during the marriage, depended on the debtor for their economic well-being." 4 *Collier on Bankruptcy* P 523.21 (2009).

## CONCLUSION

In accordance with the relevant case law, the Court should determine that the debt owed by the debtor/defendant to his ex-wife is nondischargeable and grant plaintiff's motion for summary judgment.

Respectfully submitted,

/s/ Mildred S. Kwozko
Mildred S. Kwozko, Esq.

MSK/msg